UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM LAPLANTE et al.,

        Petitioners,

v.

MATTHEW M. SAXTON,

        Respondent.
_____/

Case No. 1:20-cv-109

Honorable Janet T. Neff

## **OPINION**

This is a habeas corpus action brought by a state prisoner purportedly under 28 U.S.C. § 2241.[1] Consequently, the Court must promptly undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss Holly I. LaPlante as an improper

---

[1] Although Petitioner purports to bring his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, No. 18-3581, 2020 WL 827161, at *4 (Feb. 20, 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)). As a consequence, Petitioner's filing is more properly considered a petition under § 2254. Regardless, § 2241 petitions by state prisoners are governed by the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

party and will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## **Discussion**

### I.     **Factual allegations**

The petition was filed by William LaPlante (Petitioner or Petitioner William LaPlante) and Holly I. LaPlante, on behalf of William LaPlante. Petitioner is incarcerated in the Calhoun County Correctional Center. Petitioner pleaded guilty in the Calhoun County Circuit Court to fleeing a police officer in the fourth degree, in violation of Mich. Comp. Laws § 257.602a(2). On March 27, 2019, the court sentenced Petitioner, as a second habitual offender, in violation of Mich. Comp. Laws § 769.10, to a sentence of 12 months. According to the petition and its attached documents, Petitioner was projected for release on January 20, 2020, after good time credits. However, Petitioner was not released on that date. Consequently, the petition alleges that Petitioner remains in custody beyond that prescribed by his sentence.

On April 24, 2019, several weeks after sentencing, the petition alleges that the trial judge amended the judgment of sentence, without notice or hearing, "to state this judgment is consecutive to any parole." (Ex. 1 Supp. Pet., ECF No. 1-1, PageID.24.) The start of the sentence, March 27, 2019, remained undisturbed. On or about April 29, 2019, several days after the amendment, a deputy sheriff entered the jail computer system and calculated Petitioner's sentence as starting on April 29, 2019. As a result, Petitioner's projected release date was updated to February 22, 2020.

On February 6, 2020, Petitioner filed his corpus petition. The petition raises one ground for relief, as follows:

> I. The prisoner having served his 12 month sentence [with a credit of 60 days' good time[2]] as ordered by the court beginning on March 27, 2019 and ending January 20, 2020, renders his further restraint of liberty illegal.

(Pet., ECF No.1, PageID.8.)

## II. Improper Party

The petition alleges that Petitioner Holly I. LaPlante has authority under Michigan Compiled Laws Section 600.4307 and Michigan Court Rule 3.303 to bring the suit on behalf of William LaPlante. (Pet., ECF No. 1, PageID.3.) However, Section 600.4307 is a state statute—and Rule 3.303 is a state court rule—relevant to state habeas petitions filed in Michigan state courts. Section 600.4307 and Rule 3.303 are not applicable in a federal habeas petition brought under 28 U.S.C. § 2254.

Habeas corpus petitions brought in the federal courts have requirements separate from those brought in the state courts. The federal petition must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next

---

[2] The Petitioner refers to a sentence of 12 months with alleged credit of 60 days for good time. (*See, e.g.*, Pet., ECF No. 1, PageID.8.) Petitioner further alleges that twelve months equates to 360 days, thus resulting in a projected confinement of 300 days. (*Id.*) Although this precise formulation does not appear in Petitioner's amended judgment of sentence (Ex. 1 Supp. Pet., ECF No. 1-1, PageID.23-24), a projected confinement of 300 days, beginning on March 27, 2019, comports with the "projected out date" from Calhoun County Sheriff's Proof of Incarceration (*Id.*, PageID.21-22).

3

friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. Petitioner Holly I. LaPlante has failed to allege or show that Petitioner William LaPlante is unable to bring a habeas corpus petition on his own behalf. Indeed, Petitioner William LaPlante has signed and dated the petition on his own behalf. Thus, Petitioner Holly I. LaPlante may not pursue this action as next friend. Consequently, Petitioner Holly I. LaPlante will be dismissed from this habeas corpus action.

### III. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte*

when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has failed to allege any fact or attach any documentation indicating that he has presented his claim in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Furthermore, Petitioner arguably may petition for writ of habeas corpus in the proper state court to inquire about the cause of his detention under Mich. Ct. R. 3.303. Petitioner has filed neither a motion for relief from judgment nor a petition for a writ of habeas corpus in the state court. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must seek relief in the Calhoun County Circuit Court. If his motion or petition is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Accordingly, because Petitioner has not exhausted his state-court remedies, the petition will be dismissed without prejudice.

5

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner did not exhaust his state court remedies. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court concludes that reasonable jurists could not find it debatable whether Petitioner had exhausted state court remedies. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, the Court would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

For the foregoing reasons, the Court will enter a judgment dismissing Petitioner Holly I. LaPlante as an improper party and dismissing the petition for failure to exhaust state-court remedies, as well as an order denying a certificate of appealability.


Dated:   February 27, 2020                             /s/ Janet T. Neff
                                                                              Janet T. Neff
                                                                              United States District Judge